UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STEPHEN COLE and ) | |
| THEODORE JOHNSON, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CAUSE NO. 1:15-cv-01925-TWP-DKL |
| ) | |
| MARION COUNTY SHERIFF JOHN R. ) | |
| LAYTON, OFFICER MURRETTA, ) | |
| OFFICER QUINLIN, CORRECT CARE ) | |
| SOLUTIONS, LLC, and CORRECTIONS ) | |
| CORPORATION OF AMERICA, ) | |
| ) | |
| Defendants. ) | |

## AMENDED COMPLAINT

COMES NOW Plaintiffs, by counsel, and in their Amended Complaint against Defendants, state as follows:

1. The Plaintiffs are Theodore Johnson and Stephen Cole ("Plaintiffs"), residents of the Marion County Jail at all material times to this Complaint.

2. The Defendants include Officer Murretta, Officer Quinlin and unknown John/Jane Doe Officers, who are named in their individual capacities under 42 U.S.C. § 1983. At all material times to this Complaint, Officers Murretta, Quinlin, and John/Jane Does were acting within the scope of their employment and under color of law when on or about April 2, 2014, they were deliberately indifferent to Plaintiffs' safety and subjected Plaintiffs to unconstitutional conditions of confinement in violation of Plaintiffs' federally protected right against cruel and unusual punishment under the Eight Amendment to the United States Constitution 42 U.S.C. § 1983.

3. Defendant Corrections Corporation of America ("CCA"), a Tennessee Corporation, does business at 730 E. Washington Street, Indianapolis, Indiana 46202, and is named in its official capacity pursuant to 42 U.S.C. § 1983 as, on information and belief, the employer of Defendant officers.

4. Defendant Correct Care Solutions, LLC, a Tennessee Corporation, does business at 40 S. Alabama Street, Indianapolis, Indiana 46204, and on information and belief, provides health care to inmates housed in the Marion County jail facilities.

5. Marion County Sheriff John R. Layton is named as a Defendant in his official capacity pursuant to 42 U.S.C. § 1983 and in his representative capacity as the head of the Marion County Jail and/or employer of the defendant officers. The Sheriff has a non delegable duty to provide for the health and wellbeing of the inmates in his care regardless of whether the care is given to another entity through a sub-contracting agreement.

6. At all material times to this Complaint the Sheriff and/or CCA had unconstitutional/constitutionally deficient polices, practices, procedures, and/or customs in effect governing the manner in which Jail prisoners were to be transported.  As a result of the Sheriff's and/or CCA's constitutionally deficient polices, practices, procedures and/or customs, Plaintiffs were subjected to unconstitutional conditions of confinement, in violation of Plaintiffs' federally protected right to be free from cruel and unusual punishment under the Eighth Amendment to the United States Constitution 42 U.S.C. § 1983.

7. In the alternative, at all material times to this Complaint, the Sheriff and/or CCA

employed personnel who were careless and negligent in their manner of transporting Plaintiffs, resulting in Plaintiffs' injuries on April 2, 2014. The Sheriff and/or CCA is liable for the negligence of the employees under the doctrine of *respondeat superior*.

4. Plaintiffs allege that as of April 2, 2014, the Marion County Sheriff's Department and/or CCA had unconstitutional/constitutionally deficient policies, practices, procedures and/or customs in effect (including those policies regarding the safe transport of prisoners) that resulted in injury to Plaintiffs suffered at the hands of Officer Murretta and Officer Quinlin in violation of Plaintiffs' federally protected rights under the Eighth Amendment and 42 U.S.C. § 1983.

5. Plaintiff Theodore Johnson issued a Tort Claim Notice on August 26, 2014, and an amended Tort Claim Notice on March 26, 2015, copies of which are attached hereto, incorporated herein and made a part hereof as Exhibit "A" and "B". Plaintiff Stephen Cole issued a Tort Claim Notice on September 15, 2014, a copy of which is attached hereto, incorporated herein and made a part hereof as Exhibit "C". All administrative remedies have been exhausted and all jurisdictional prerequisites have been met fort the filing of this lawsuit.

8. On or about April 2, 2014, Plaintiffs were passengers in an inmate transport vehicle driven by Marion County Sheriff and/or CCA's Officer Murretta. Just prior to the beginning of transport, Officers Murretta, Quinlin and/or Officer John Doe/Jane Doe placed Plaintiffs and the other detainee passengers in the vehicle. On information and belief, Plaintiffs and the others were each cuffed with their wrists together, ankles

3

together and bound in front at the waist. Each detainee was chained separately, and none were provided any type of seatbelt or form of safety restraint to reasonably and adequately secure them in place while being transported.

6. During the transport, Officer Murretta slammed on the breaks abruptly causing the vehicle to stop suddenly, throwing Plaintiffs and other inmates forward into a steel cage barrier that was inside the vehicle.

7. As a result of the failure to place Plaintiffs in proper safety restraints and the manner in which Officer Murretta drove, Plaintiffs suffered injuries to the head, neck, and back, including but not necessarily limited to bruises, contusions, and physical pain. On information and belief, Correct Care Solutions, LLC, was charged with providing medical care to Plaintiffs, which was, and continues to be, insufficient for Plaintiffs' injuries.

8. Plaintiffs contend that Officer Murretta, Officer Quinlin, and/or Officers John Doe/Jane Doe were reckless and deliberately indifferent to the danger posed to Plaintiffs if transported by vehicle without adequate safety restraints, but they ignored the known danger of injury and failed to place Plaintiffs in adequate safety restraints, subjecting Plaintiffs to unconstitutional conditions of confinement in violation of Plaintiffs' rights to be free from cruel and unusual punishment under the Eighth Amendment to the United States Constitution and § 1983.

9. In the alternative, Officer Murretta, Officer Quinlin and Officer John/Jane Doe were careless and negligent in failing to reasonably secure Plaintiffs in the transport vehicle with appropriate and reasonable safety restraints. Murretta also was negligent and

careless in the manner in which he drove, subjecting Plaintiffs to injury and violations of the Plaintiffs' rights under the laws and public policies of the State of Indiana.

10. Plaintiffs also contend that the Marion County Sheriff and/or CCA, in their official capacities, are liable to them for having constitutionally deficient policies, practices, and/or customs in effect pertaining to the transport of prisoners without adequate safety restraints to secure them in the transport vehicles. The Sheriff and/or CCA are also liable to Plaintiffs in their representative capacities, as the employers of Officers Murretta, Quinlin and other personnel who were careless and negligent in failing to use reasonable and adequate safety restraints when transporting Plaintiffs, and for Officer Murretta's careless and negligent driving. The Sheriff and/or CCA is therefore also liable to Plaintiffs for their employees' negligence, under the doctrine of *respondeat superior*.

11. The Defendants' wrongful conduct was the direct and proximate cause of each Plaintiff suffering physical pain, injury, inconvenience, emotional distress and other damages and injuries.

12. The careless, negligent, and/or deliberately indifferent conduct of the Defendants, and each of them, was intentional, knowing, willful, wanton, and in reckless disregard of each Plaintiff's federally protected rights under the Eighth Amendment to the United States Constitution and § 1983 and/or the laws and public polices of the State of Indiana. Imposition of punitive damages is appropriate, where available.

WHEREFORE, Plaintiffs respectfully pray for judgment against the Defendants, and each of them, for compensatory damages, punitive damages (where available), reasonable attorney's

fees and costs, and all other just and proper relief in the premises.

## JURY DEMAND

Pursuant to Rule 38 of the Indiana Rules of Trial Procedure, Plaintiffs demand a trial by jury in this action.

Respectfully submitted,

**CHRISTOPHER C. MYERS & ASSOCIATES**

/s/ Lori W. Jansen
Christopher C. Myers, #10043-02
Ilene M. Smith, #22818-02
Rachel J. Guin-Lowry, #31722-02
Lori W. Jansen, #19417-57
809 South Calhoun Street, Suite 400
Fort Wayne, IN 46802-2307
Telephone:    (260) 424-0600
Facsimile:    (260) 424-0712
Attorneys for Plaintiff

LJ/IMS/js

6

LAW OFFICES
# CHRISTOPHER C. MYERS & ASSOCIATES
809 South Calhoun Street, Suite 400
Fort Wayne, IN 46802
Telephone (260) 424-0600 · Facsimile (260) 424-0712

CHRISTOPHER C. MYERS
cmyers@myers-law.com

ILENE M. SMITH
ismith@myers-law.com

RACHEL J. GUIN
rguin@myers-law.com

March 26, 2015

Marion County Sheriff
Marion County Sheriff's Office
40 S. Alabama Street
Indianapolis, IN 46204

Marion County Jail Commander
40 S. Alabama Street
Indianapolis, IN 46204

Sherry Barnes
Indiana Political Subdivision Risk Management Division
311 W. Washington Street Suite 300
Indianapolis, Indiana 46204

## AMENDED NOTICE OF TORT CLAIM

Re:   *Theodore Johnson v. Marion County Sheriff, et al*

To Whom It Concerns:

My firm represents Theodore Johnson in the above dispute. This letter shall serve as Mr. Johnson's Notice of Tort Claim to you.

### Circumstances Which Brought About the Loss:

On April 2, 2014, Claimant was riding as a passenger in an inmate transport vehicle. Claimant was handcuffed with his hands in front of him, ankles shackled, all bound together at the waist. Complainant was not provided with a seatbelt or any type of protective restraint. The driver slammed on the breaks causing the vehicle to abruptly stop and throwing the inmates forward into the steel cage barrier and each other.

The Claimant alleges that the Marion County Sheriff's department and its personnel were careless, reckless, negligent, and deliberately indifferent to his safety, when they transported him in the inmate transport vehicle and failed to provide him with a seatbelt or any form of safety restraints. Claimant further alleges that that the driver of the vehicle, Officer Murretta, was careless, negligent and reckless in the manner in which he was driving, including by slamming on his breaks, resulting in Claimant's injuries.

**EX.** A

**Extent of the Loss:**

The Claimant suffered from injuries to his head, neck and back, including bruises, contusions, whiplash, physical pain and suffering, inconvenience, emotional distress, and other damages and injuries.

**Time and Place the Loss Occurred:**

The incident took place on April 2, 2014 at approximately 7:15 p.m., in downtown Indianapolis.

**Names of All Persons Involved (If Known):**

Theodore Johnson, Complainant
Stephen Cole, Passenger
Travis Harvey, Passenger
Samiel Hardley, Passenger
David Wilson, Passenger
Timothy Hughes, Passenger
Stephen Chareh, Passenger
Carl Halsett, Passenger
Joseph Moser, Passenger
Rodney Gordon, Passenger
Gerald Donaldson, Passenger
Brenzell Bell, Passenger
Officer ___ Murretta, Driver
Officer ___ Quinlin, Passenger
John/Jane Does (Medical staff at the Marion County Jail)

**The Amount of the Damages Sought:**

The Claimant understands that there is a cap for relief under Indiana Tort Claims Act. Claimant seeks an amount within this cap, or in the alternative, whatever amount a judge and jury would award given the facts and circumstances of this case. Claimant may seek additional damages available under federal law.

**Residence of Claimant at the Time of the Loss and at the Time of the Filing of This Notice:**

At the time of the loss and at the time of this Notice, Claimant is an inmate at the Marion County Jail, 700 E. Washington Street, Indianapolis, IN 46202.

Respectfully,

CHRISTOPHER C. MYERS & ASSOCIATES

Rachel J. Guin-Lowry

RG/s
S:\Johnson, Theodore\tort Claim Notice Amended 3-25-15.docx

LAW OFFICES
# CHRISTOPHER C. MYERS & ASSOCIATES
809 South Calhoun Street, Suite 400
Fort Wayne, IN 46802
Telephone (260) 424-0600 · Facsimile (260) 424-0712

CHRISTOPHER C. MYERS
cmyers@myers-law.com

ILENE M. SMITH
ismith@myers-law.com

August 26, 2014

Marion County Sheriff, John R. Layton
Marion County Sheriff's Office
40 S. Alabama Street
Indianapolis, IN 46204
*Via certified mail Return No. 7012 3460 0002 4899 2207*

Jail Commander
Marion County Sheriff's Office
40 S. Alabama Street
Indianapolis, IN 46204
*Via certified mail Return No.7012 3460 0002 4899 2214*

Sherry Barnes
Indiana Political Subdivision Risk Management Division
311 W. Washington Street Suite 300
Indianapolis, Indiana 46204

## NOTICE OF TORT CLAIM

Re: *Theodore Johnson v. Marion County Sheriff, et al*

To Whom It Concerns:

My firm represents Theodore Johnson in the above dispute. This letter shall serve as Mr. Johnson's Notice of Tort Claim to you.

### Circumstances Which Brought About the Loss:

On April 2, 2014, Claimant was riding as a passenger in an inmate transport vehicle. Claimant was handcuffed with his hands behind his back, ankles shackled and chained to other inmates. Complainant was not provided with a seatbelt or any type of protective restraint. The driver slammed on the breaks causing the vehicle to abruptly stop and throwing the inmates forward into the steel cage barrier and each other.

The Claimant alleges that the Marion County Sheriff's department was reckless and deliberately indifferent to his safety when they transported him in the inmate transport vehicle and failed to provide him with a seatbelt or any form of safety restraint. Claimant further alleges that that the driver of the vehicle, Officer Murretta, was negligent and reckless when he slammed on his breaks, resulting in Claimant's injuries.



EX. B

Extent of the Loss:

The Claimant suffered from injuries to his head, neck and back, including bruises, contusions, whiplash, physical pain and suffering, inconvenience, emotional distress, and other damages and injuries.

Time and Place the Loss Occurred:

The incident took place on April 2, 2014 at approximately 7:15 p.m., in downtown Indianapolis.

Names of All Persons Involved (If Known):

    Theodore Johnson, Complainant
    Stephen Cole, Passenger
    Travis Harvey, Passenger
    Samiel Hardley, Passenger
    David Wilson, Passenger
    Timothy Hughes, Passenger
    Stephen Chareh, Passenger
    Carl Halsett, Passenger
    Joseph Moser, Passenger
    Rodney Gordon, Passenger
    Gerald Donaldson, Passenger
    Brenzell Bell, Passenger
    Officer ___ Murretta, Driver
    Officer ___ Quinlin, Passenger
    John/Jane Does (Medical staff at the Marion County Jail)

The Amount of the Damages Sought:

The Claimant understands that there is a cap for relief under Indiana Tort Claims Act. Claimant seeks an amount within this cap, or in the alternative, whatever amount a judge and jury would award given the facts and circumstances of this case. Claimant may seek additional damages available under federal law.

Residence of Claimant at the Time of the Loss and at the Time of the Filing of This Notice:

At the time of the loss and at the time of this Notice, Claimant is an inmate at the Marion County Jail, 700 E. Washington Street, Indianapolis, IN 46202.

Respectfully,

CHRISTOPHER C. MYERS & ASSOCIATES

Christopher C. Myers

S:Johnson Theodore Tort Claim Notice.docx

LAW OFFICES
# CHRISTOPHER C. MYERS & ASSOCIATES
809 South Calhoun Street, Suite 400
Fort Wayne, IN 46802
Telephone (260) 424-0600 · Facsimile (260) 424-0712

CHRISTOPHER C. MYERS
cmyers@myers-law.com

ILENE M. SMITH
ismith@myers-law.com

RACHEL J. GUIN
rguin@myers-law.com

September 15, 2014

Marion County Sheriff, John R. Layton
Marion County Sheriff's Office
40 S. Alabama Street
Indianapolis, IN 46204

Jail Commander
Marion County Sheriff's Office
40 S. Alabama Street
Indianapolis, IN 46204

## NOTICE OF TORT CLAIM

Re: *Stephen Cole v. Marion County Sheriff, et al.*

To Whom It Concerns:

My firm represents Stephen Cole in the above dispute. This letter shall serve as Mr. Cole's Notice of Tort Claim to you.

**Circumstances Which Brought About the Loss:**

On April 2, 2014, Claimant was riding as a passenger in an inmate transport vehicle. Claimant was handcuffed with his hands behind his back, ankles shackled and chained to other inmates. Complainant was not provided with a seatbelt or any type of protective restraint. The driver slammed on the breaks causing the vehicle to abruptly stop and throwing the inmates forward into the steel cage barrier and each other.

The Claimant alleges that the Marion County Sheriff's department was careless, negligent, reckless and deliberately indifferent to his safety when they transported him in the inmate transport vehicle and failed to provide him with a seatbelt or any form of safety restraint. Claimant further alleges that the driver of the vehicle, Officer Murretta, was negligent and reckless in the manner he drove the vehicle, resulting in Claimant's injuries.

**Extent of the Loss:**

The Claimant suffered from injuries to his head, neck and back, including bruises, contusions, whiplash, physical pain and suffering, inconvenience, emotional distress, and other damages and injuries.

EX "C"

**Time and Place the Loss Occurred:**

The incident took place on April 2, 2014 at approximately 7:15 p.m., in downtown Indianapolis.

**Names of All Persons Involved (If Known):**

Stephen Cole, Complainant
Theodore Johnson, Passenger
Travis Harvey, Passenger
Samiel Hardley, Passenger
David Wilson, Passenger
Timothy Hughes, Passenger
Stephen Chareh, Passenger
Carl Halsett, Passenger
Joseph Moser, Passenger
Rodney Gordon, Passenger
Gerald Donaldson, Passenger
Brenzell Bell, Passenger
Officer ___ Murretta, Driver
Officer ___ Quinlin, Passenger
John/Jane Does (Medical staff at the Marion County Jail)

**The Amount of the Damages Sought:**

The Claimant understands that there is a cap for relief under Indiana Tort Claims Act. Claimant seeks an amount within this cap, or in the alternative, whatever amount a judge and jury would award given the facts and circumstances of this case. Claimant may seek additional damages available under federal law.

**Residence of Claimant at the Time of the Loss and at the Time of the Filing of This Notice:**

At the time of the loss and at the time of this Notice, Claimant is an inmate at the Marion County Jail, 700 E. Washington Street, Indianapolis, IN 46202.

Respectfully,

**CHRISTOPHER C. MYERS & ASSOCIATES**

Christopher C. Myers

RG/js
S:\Cole, Stephen\Tort Claim Notice.docx